## MORSE v. HURD.

If an officer, with a purpose of attaching personal property, obtain access to and control of it, the attachment is complete, the possession of the owner is disturbed, and an action of trespass *de bonis asportatis* will lie in his behalf, if the attachment was unauthorized.

An owner of chattels attached on an action against another, may maintain trespass for them, although he has given a receipt for them, in the usual form, to the officer who made the attachment.

TRESPASS, for taking and carrying away a carpet, on the 29th day of August, 1843. The writ was dated August 30, 1843. The plaintiff introduced evidence that the defendant, on the 29th day of August, having a writ against Ephraim Thayer, came into the shop kept by Thayer, and told him he had instructions to attach the carpet. Thayer informed the defendant that the carpet belonged to the plaintiff. The defendant then left, but shortly after returned and said he would attach it.

The carpet was in an inner room, and a witness testified that the defendant did not go into that room, and he did not know that the defendant saw the carpet that day. The plaintiff also offered the return of the defendant, as sheriff, on the writ against Thayer, as follows; namely: "Strafford ss. Aug. 29, 1843. I have attached one carpet, the property of the within named Thayer, valued at ten dollars, and on the eighth day of September, 1843, I gave the within named Thayer a summons,.' &c'

It appeared farther, that the plaintiff, on the same 29th of August, gave a receipt for the carpet to the defendant, promising to deliver it to the defendant on demand, or pay him ten dollars, the same having this day been attached by said Hurd on a writ, Frances H. Hardy and al. *v.* Ephraim Thayer."

There was evidence to show that the carpet was the property of the plaintiff, and that Thayer carried on the

shop, where it was at the time, as agent for him. The carpet remained at the same place until the 18th day of December following, when the defendant sold it on the execution which had issued against Thayer.

The defendant objected :

1. To the competency of this evidence to prove a taking.

2. That if competent for that purpose, it was equally competent to prove the property of the carpet in Thayer.

3. That the plaintiff was estopped by his own receipt from setting up a claim of title to the property.

4. If not so estopped, in the absence of all evidence of the plaintiff's making any claim of property before the commencement of this suit, his receipt should operate as a license, or acquiesence on his part, so far as to debar him from maintaining this action.

The court overruled the objections ; and the jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Marston,* for the defendant. There is nothing proved here that constitutes a trespass, and the action cannot be maintained. Saund. Pl. and Ev. 853 – 863 ; Hammond N. P. 93 ; 2 Stark. Ev. 1443 ; 3 Wilson 403 ; 5 Taunt. 534.

The plaintiff assented to the act, whatever it might be. He did not claim the property.

The counsel also cited 12 Pick. 557 ; 2 Smith's Leading Cases 467.

*Hale* & *Wiggin,* for the plaintiff. To maintain trespass *de bonis asportatis*, evidence of a public taking is not required. He who interferes with my goods, and, without delivery by me, and without my consent, undertakes to dispose of them as having the property general or special, does it at his peril, to answer to me the value of the goods in trespass or trover. This general principle is

fully sustained by the decisions reported in Massachusetts Reports. *Gibbs* v. *Chase*, 10 Mass. Rep. 125.

Trespass *de bonis asportatis* is maintained by proof that the defendant unlawfully exercised an authority over the chattels of another, against the will of the owner, though there was no manual taking or removal. In this case the return of the sheriff was the evidence to prove a taking. The evidence was, that a writ in favor of certain persons against one *Senior* was put into the hands of the defendant, who returned that he had attached the property in question. 1 Met. 27, *Miller* v. *Baker*. The same doctrine is held in the following cases: *Wintringham* v. *Lafoy*, 7 Cowen 735; *Phillips* v. *Hall*, 8 Wend. 610. An attachment is a constructive removal. *Robinson* v. *Mansfield*, 13 Pick. 144. The return of the defendant, that he had attached the carpet in question, is conclusive evidence of that fact, and cannot be controverted. *Brown* v. *Davis*, 9 N. H. 76, and cases there cited.

When goods are attached, they are in the charge and under the control of the officer, and he may maintain an action against any one who unlawfully interferes or meddles with them. In the case at bar, the moment the officer attached the carpet, he had a special property in it; it was subject to his control; he was actually in the possession of it.

In the case of *Robinson* v. *Mansfield*, 13 Pick. 139, the court held that if goods attached on a writ against a person to whom they did not belong, were delivered to the owner upon his written receipt and promise to redeliver them to the officer, on demand, the owner might nevertheless maintain trespass against the officer for the taking.

WOODS, J. The defendant, having a writ which it was his duty, as a deputy sheriff, to secure by attaching the chattel in question, on the 29th of August, 1843, came into the shop of Thayer, adjoining the room in which the

chattel at the time was kept, which room also appears to have been in the possession of Thayer, and gave notice to him of his instructions for attaching it, and soon after informed him that he would attach it. At the same time he made a return upon the writ, to the effect that he had attached the carpet, and afterwards returned the writ into court. Do these facts amount to evidence of a taking and carrying away of the chattel, as alleged in the declaration? It is apparent that the officer had access to and opportunity to attach the carpet, and he made return of the fact upon the writ.

In order that a chattel may be attached, it is only necessary that the officer have the possession and control of it. It is not necessary that he remove it, or even touch it; but if he have access to it, and manifest a purpose of exercising control over it, this is sufficient to disturb the possession of any one having had a prior custody of it, and to lay the foundation of an action in his favor, if such disturbance is not warranted by the occasion. *Odiorne* v. *Colley*, 2 N. H. Rep. 66; *Huntington* v. *Blaisdell*, *Id.* 318.

A cause of action is furnished, if the plaintiff's possession of the chattel has been disturbed, so that he could not, for the time being, had he chosen to do so, exercise that perfect control over the chattel which he might have done but for the adverse act of the party complained of; and the taking and carrying away, which the form of action requires to be alleged, is sufficiently established by the proof of such disturbance of the owner's possession.

In short, an attachment is perfected when the officer has obtained access to the goods with a purpose of attaching them. Such attachment vests the possession in the officer, so that he may maintain an action for the disturbance of it. The possession of the officer excludes the possession of all others; and the owner of chattels, whose possession is disturbed, may maintain an action of trespass

*de bonis asportatis* against him who so disturbs it without right. *Miller* v. *Baker*, 1 Met. 27.

But it is said that the plaintiff, having given the defendant a receipt for the chattel, to be rendered to him on demand, in the form in which such receipts are given to officers by the bailees of property which has been attached, in which receipt he has recognized the chattel to be the property of Thayer, is precluded by his own written acknowledgment from claiming the property as his own.

How that might be if the action were in behalf of the officer, and upon the receipt, it is not necessary to determine in this case. But there is no peculiar force in the admission itself, that distinguishes it from any other admission that has not been made for the purpose of inducing some particular action on the part of him to whom it has been made, and has not been acted upon by him accordingly. The party who has made it may show that it is not true.

It was accordingly held, in *Barron* v. *Cobleigh*, 11 N. H. Rep. 557, that one who has thus receipted for goods attached, and converts them to his own use, is not estopped by his receipt from saying that the goods were his own, in defence of an action brought by the party from whose possession they were taken, for so converting them.

And in Massachusetts it has been expressly decided that if goods, attached in an action against one who is not the owner, be bailed to the owner, who gives the customary receipt for them, he is not precluded by his receipt from maintaining an action against the officer for taking them. *Robinson* v. *Mansfield*, 13 Pick. 139.

By the taking, the officer rendered himself liable for the value of the goods, and an action accrued to the plaintiff to recover that value, to sue out execution, and obtain satisfaction against the sheriff for the same. He had a right, from the consummation of the trespass, to

consider the property as gone from himself, and to refuse to receive it back in atonement for the tort. In receipting for the property, he did nothing to divest himself of that right, or of the right of action; and in admitting the property, at the officer's request, to be attached as the property of another, he does not preclude himself from setting up in himself a title anterior to the trespass. There must be

*Judgment on the verdict.*